## DIOMEDE POWELL v. THE STATE.

1. PRACTICE. — An appellant has the right, though the state has not, to cause his appeal to be returned to an intervening branch of the Court of Appeals other than the branch to which, in ordinary course of law, it is regularly returnable.

2. MURDER — EVIDENCE. — See testimony held ample to sustain a conviction of murder in the first degree.

APPEAL from the District Court of Gregg.    Tried below before the Hon. M. H. BONNER.

Powell, the appellant, was indicted, February 4, 1878, for the murder of August Reineke, in the county of Gregg, on December 17, 1877.   On February 14, 1878, he was put upon his trial, which resulted in a verdict of guilty of murder in the first degree, and judgment of death thereupon.

Reineke, the deceased, kept a drinking-saloon at Mauthe's Mills, in Gregg County, some eight miles west of the town of Longview.   On the morning of December 18, 1877, he was found dead upon the floor of his establishment.   His throat was effectually cut from ear to ear, severing the windpipe and arteries, and upon his head were two fractures of the skull, apparently inflicted with a stick or bludgeon. He was partly covered with straw, which seemed to have been set on fire and to have gone out.

A very explicit account of the homicide was given by Nathan Reid, who, says the record, was "indicted for the same charge of murder, in a separate indictment, and who turned state's evidence against the defendant."

Reid testified that he lived in Wood County, and knew Powell, the defendant.   Between nine and ten o'clock of Monday night, December 17, 1877, the defendant, witness, and Tom Fields (alias Ben Hadley) rode up near Reineke's saloon and hitched their horses, of which one was a large horse and the others ponies.   Fields cut a large hickory

stick for himself, and cut and gave to witness another stick, but witness dropped his just before entering the saloon. Fields concealed his stick under his coat, and all three went into the saloon and took a drink. Powell and Reineke engaged in a game of billiards, during which, and when Reineke's back was turned towards Fields, the latter struck him on the head and knocked him partially down. Fields then made witness strike Reineke, and witness hit him a lick on the head, and then Powell, the defendant, took a stick which was in the house and struck Reineke with it. Witness, according to his direct testimony, ran out of the house at this juncture, and went to where the horses were hitched, and in a little while Fields and the defendant came, and Fields said he had cut Reineke's throat and taken all the money out of his pockets, and had put some straw on him and set it on fire. He brought with him a black suit of clothes and put them in the saddle-bags, and the next day he took out the coat and put it on. From the scene of the murder the three assassins went to the witness' house, in Wood County, whence Fields and the defendant went on, saying they were going to Fannin County.

On his cross-examination this witness made two statements somewhat different from his direct testimony. He said : "When we went into the saloon, Ben Hadley (alias Fields) had his stick under his coat, and I had mine in my hand," and that, "after Reineke was killed, we stayed in the house about one-half an hour." But, at a later stage of his cross-examination, he repeated his first statement that he ran out of the house immediately after Powell struck the deceased.

Cherry Jones, for the state, testified that she lived in Fannin County, and that between nine and ten o'clock of a Friday night, a little before Christmas, 1877, the defendant and Ben Hadley (alias Tom Fields) came to her house. The latter brought with him a pair of saddle-bags, and witness saw him hang up a black coat behind the door. A few

minutes after they arrived, the sheriff of Fannin County and some other men came and arrested Hadley, and he then pulled off his outside pants, and took off a pair of black pants, which he threw in witness' bed. Witness, a few days afterwards, gave the black coat and black pants to a deputy sheriff, and she thought she recognized as the same a black coat and pants exhibited to her in court, and which other witnesses proved were the property of Reineke, the deceased. She stated that, about two weeks before Hadley and the defendant came to her house on the Friday night of which she spoke, they left there together, and she had not seen them during the interval.

By other witnesses the state proved that the defendant was seen with Hadley in the immediate neighborhood of Reineke's saloon, a day or two previous to the murder, and that Hadley, in defendant's presence, made inquiry whether Reineke was making money; that Hadley and the defendant were riding ponies, and that the fresh tracks of two ponies were found near the saloon the morning Reineke was found dead. And there was other testimony for the state, both corroborative and independent of that of Reid, tending to inculpate the defendant, Powell.

The jury returned a verdict of murder in the first degree, and the penalty of death was adjudged by the court.

The case of Fields (*alias* Hadley), for the same murder, was tried at the same term of the court below, and with the same result. It, also, was appealed to this court, and the judgment was affirmed on the same day as the present case, and on a record presenting substantially the same state of case; wherefore the opinion reiterated the rulings in the present case, and is not reported.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.   The appellant was convicted, in the District Court of Gregg County, of the murder of one August Reineke, alleged to have been committed in said county of Gregg, on December 17, 1877.   A trial was had at a term of the District Court which commenced on February 4, 1878, and adjourned February 16, 1878.   On February 15, 1878, the jury selected, impaneled, and sworn to try the case returned into court the following verdict :   " We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment."

The jury having returned the verdict as above set out, a motion was made on behalf of the accused for a new trial, on the following ground :   " Because the verdict of the jury is contrary to law and the evidence ;" which was by the court overruled, and judgment rendered in accordance with the finding of the jury, adjudging the accused guilty of murder in the first degree, and condemning him to be hanged by the neck until dead — the execution of the sentence being delayed to await the determination of his appeal.

The accused, in giving and entering notice of appeal, indicated a desire that his appeal be returned to this, the Galveston, branch of the court, and accompanies the record with the following request to the clerk of the court below, signed by counsel for the accused, and certified by the clerk under the seal of the court :   " You are hereby requested to send the transcript in above case to the branch of the Court of Appeals of the state of Texas, which is now in session at Galveston, Texas.   This 21st day of February, 1878."

The accused has the right, under the law, to cause an appeal to be returned to a branch of the court other than the branch of the court to which it would ordinarily be returned. This privilege is given to the accused, but not to the state. *Meyer* v. *The State, ante,* p. 219.

The following is the assignment of errors, to wit :   " That

the court erred in overruling defendant's motion for a new trial, because the verdict of the jury is contrary to the law and the evidence."

We have not been favored with either written or oral argument, on the part of the appellant, to aid us in determining the merits of this appeal. In looking into the record we find only the motion for new trial and the assignment of errors set out as above stated, and these present the single question, Is the verdict warranted by the law and the evidence?

After a careful examination of the record before us, in the light afforded by the statement of facts set out in the transcript, we are compelled to answer this question in the affirmative. The indictment is sufficient to support the verdict rendered. If witnesses have sworn truly, a most atrocious and brutal murder was perpetrated on the person of August Reineke, in the county of Gregg, on the night of December 7, 1877, and this appellant was one of the guilty perpetrators of the crime.

One of the wretches who did the deed turned state's evidence, and testified on the trial of the appellant. But his testimony did not stand alone; there was an abundance of other testimony to establish, not only the commission of the offense, but also to connect the accused directly with the crime.

The accomplice who testified in the case was one Nathan Reid. As to the weight to be given to his testimony the jury were instructed by the court to this effect:

"The jury would not be authorized to convict the defendant upon the testimony of the witness Nathan Reid, an admitted principal; and, unless his evidence is corroborated by other testimony in the case, tending to connect the defendant with the offense, in material matters, showing that the said August Reineke was murdered, and that the defendant was engaged in the commission of it, then you should not

convict the defendant upon the testimony of the said Nathan Reid."

In this, and in every other respect, the charge of the judge was an able and thorough enunciation of the law of the case as made by the pleadings and the evidence; and throughout the whole trial, so far as the record discloses, every legal right of the accused was carefully guarded.

Counsel for the accused, on the trial below, neither in the motion for a new trial, nor in the assignment of errors, nor elsewhere, so far as the transcript discloses, made any objection to the indictment or the charge of the court, nor to any matter that occurred on the trial, or preliminary thereto. If any such objections had been made, it is not perceived that they would have been tenable. So far as we are able to determine from the record before us, the appellant has had the benefit of a fair and impartial trial, and has been convicted upon sufficient testimony of a crime for which the law demands his life.

The judgment of the District Court of Gregg County in this case rendered is affirmed.

*Affirmed.*